## Case No. 4,204.

DUTCHER v. WOODHULL et al.

[7 Ben. 313.][1]

District Court, E. D. New York. April, 1874.

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

Charles Jones, counsel for complainant,

Benedict, Taft & Benedict, for defendants,

BENEDICT, District Judge. The question here presented is, whether the decree and levy made in the district court were, in law, vacated and rendered of no effect by the subsequent proceedings in the cause.

In determining this case, it is not necessary to say whether, under some circumstances, a decree in admiralty, made by the district court, cannot remain of effect after an appeal is taken to the circuit court. It would seem that such may be the case where an appeal is taken, but no bond for damages on appeal is given. Under such circumstances, the failure of the appellant to give a bond for damages would seem to change the aspect of the case, and render it thereafter a proceeding to obtain a decree of restitution, and the numerous cases heretofore determined both in the circuit court and the supreme court of the United States do not appear to me to furnish authority for determining that, after an appeal without security for damages on the appeal, no effect whatever can be given to the decision of the district court. The general language of these decisions can only be understood by referring to the position of the cases then under consideration, which were not cases of appeal without security.

The adjudged cases do however decide, that, where, in an admiralty cause, an ap-

peal is taken from the decree of the district court, and security on appeal is given, then the decree of the district court is, by such appeal, rendered of no effect, and they furnish authority for determining this case in favor of the plaintiff, because the appeal under consideration was an appeal with security. Here, a bond for damages on appeal was offered and approved by the district court, and the same was transmitted to the circuit court, where, on the motion of the libellants, a decree was thereafter entered, directing that the stipulators upon it perform their stipulation. All the proceedings required by the rules and practice of the court, in order to cause the appeal to act as a supersedeas, were done, and the appeal was thus brought within the rule declared by the supreme court in the decisions referred to.

It is no answer to this to say, that the bond for damages on appeal, which alone would give to the appeal the effect of a supersedeas was not given within the time required by the rules of the district court. The district court had power to extend the time for giving the bond, and when, in this case, the bond for damages was taken and approved by the court, its effect related back to the time of taking the appeal, and it rendered the appeal effective to supersede the execution issued in the district court, and in legal effect to vacate the decree. Moreover, no objection was made to the filing of the bond for damages, nor to its transmission to the circuit court, and, after omitting thus to object in the district court, and after availing themselves of the benefit of the bond by entering judgment upon it in the circuit court, it is not open to the libellants to say that the bond was not duly and in time given in the district court, to give to the appeal the effect of a supersedeas.

Nor is the case of the libellants changed by the fact that the appellants, prior to the transmission of the return to the circuit court, applied for an order directing a stay of execution, on the granting of which order the district court then directed that the judgment, execution and levy stand. Such a provision in the order of the district court would be powerless to take from the appeal its legal effect, and I may be permitted to say, that the object of the provision was to avoid prejudging, upon a motion, the very question to determine which this action is brought.

But, it is objected, that the district court, sitting in equity, in the exercise of the jurisdiction conferred by the bankrupt act [of 1867 (14 Stat. 517)], has no jurisdiction to stay the hand of the admiralty court, in the execution of its own decrees. As to this I concede that much may be said, but, inasmuch as, entertaining the views above expressed in respect to the effect of the appeal in question, I should be obliged, on application to me, sitting in admiralty in the district court, to direct a perpetual stay of the execution in question, from which action relief might be difficult, whereas, by granting the relief in this case, any error I may commit can be corrected by an appeal, I have little hesitation in maintaining, for this purpose, the jurisdiction of the district court, sitting in equity, to grant the relief prayed for by this bill.

The plaintiff must, therefore, have a decree in accordance with the prayer of the bill.